FRANCES C. MAYHEW, ROBERT W. MAYHEW, JR., FRANCES
C. MAYHEW, GUARDIAN *AD LITEM* FOR ROBERT G.
MAYHEW, A MINOR; FRANCES C. MAYHEW, GUARDIAN
*AD LITEM* FOR ANNA MARIE MAYHEW, A MINOR,
PLAINTIFFS, v. MARY C. WAGENHOFFER, JOSEPH A.
WAGENHOFFER, MARY FRANCES WAGENHOFFER, A
MINOR, JOSEPH WAGENHOFFER, A MINOR, ELIZA-
BETH ANNE WAGENHOFFER, A MINOR, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided December 12, 1956.

*Mr. Edward J. Inglesby,* attorney for plaintiffs.

*Mr. William E. Hughes,* attorney for defendants.

HANEMAN, J. S. C.   Plaintiffs herein seek the construction of the will of George A. Casey, dated July 31, 1917, who died on July 14, 1938.   As far as here pertinent, the said will provided as follows:

"ITEM FOURTH: I give, and bequeath unto my two daughters, Mary Casey and Frances Casey, share and share alike, all my personal estate, whatsoever and wheresoever the same may be from and after the time of my decease, subject however to the restrictions hereinafter provided.

ITEM FIFTH: From and after the decease of my mother Frances Devereux, I give, devise and bequeath unto my daughter, Mary Casey, her heirs and assigns, subject to the restrictions hereinafter provided, the land and the buildings thereon erected and known as Numbers 625 and 627 Hunter Street, Gloucester City, New Jersey.

ITEM SIXTH: From and after the decease of my mother, Frances Devereux, I give, devise and bequeath unto my daughter, Frances Casey, her heirs and assigns, subject to the restrictions hereinafter provided, the land and the buildings thereon erected and known as Numbers 224–226 and 228 Fifth Street, Gloucester City, New Jersey.

ITEM SEVENTH: I give, devise and bequeath unto my daughter, Mary Casey, her heirs and assigns, subject to the restrictions hereinafter provided, the land and the buildings thereon erected and known as numbers 17–19–21–23 and 25 South Sussex Street, Gloucester City, New Jersey.

ITEM EIGHTH: I give, devise and bequeath unto my daughter, Frances Casey, her heirs and assigns, subject to the restrictions hereinafter provided, the land and the buildings thereon erected and known as Numbers 124 Atlantic Street, 437 and 503 Market Street, and my one-half share in the two houses known as numbers 300 and 302 Jersey Avenue, Gloucester City, Camden County, New Jersey.

ITEM NINTH: I direct that in case either of my said daughters, Mary Casey and/or Frances Casey, should depart this life without legal issue surviving them, the survivor of my said two daughters to have the remainder of the share of the one so deceased, but in case of either of my said two daughters so deceased leaving legal living issue surviving them, the deceased parent's share to be divided among her children then surviving, share and share alike.

ITEM TENTH: I do hereby direct that none of the property, real or personal, of which I may die seized, or any part thereof, shall be assigned, transferred, sold or mortgaged, by any means whatsoever, to the husband or husbands of either or both of my said two daughters, Mary Casey and Frances Casey, and I do further direct that either of my said two daughters shall not assign, transfer or mortgage any of the real estate of which I may die seized until she has arrived at the age of twenty-five years, excepting however in the case of sickness, accident or any other inability of either of my said two daughters to earn sufficient means to provide good support, maintenance and education for themselves, together with the income from her share of my estate as provided herein; I direct that so much of the principal constituting the share of my said daughter or daughters in my personal estate shall be sold and in case the whole share of either of my said daughters in my personal estate shall have been expended as herein provided, I direct that so much of the share of the real estate of said daughter or daughters, as the case may be, be sold and conveyed and the proceeds thereof used for her or their good reasonable support, maintenance and education."

The testator's mother and wife had predeceased him. At the time of his death he left him surviving two daughters,

Frances C. Mayhew, one of the plaintiffs, and Mary C. Wagenhoffer, one of the defendants.

Mary C. Wagenhoffer has three natural children: Mary Frances Wagenhoffer, born July 3, 1935; Joseph Wagenhoffer, born May 2, 1940, and Elizabeth Anne Wagenhoffer, born May 25, 1952.

Frances C. Mayhew has no children of her marriage but has two legally adopted children: Robert G. Mayhew, born August 13, 1938, adopted July 16, 1940, and Anna Marie Mayhew, born July 24, 1944, adopted April 26, 1946.

Both Mary C. Wagenhoffer and Frances C. Mayhew are over 25 years of age. Of the executors named, only the said Mary C. Wagenhoffer and Frances C. Mayhew qualified as executrices.

The question here involved is whether Frances C. Mayhew and Mary C. Wagenhoffer now have a vested interest in the real estate mentioned in the will.

The principle governing the construction of this will is very aptly stated in *Patterson v. Madden,* 54 *N. J. Eq.* 714 (*E. & A.* 1896), as follows:

"By the decision in *Pennington v. Van Houten* [8 *N. J. Eq.* 272, 745], as I understand it, two rules are established in the construction of wills containing a limitation over by way of executory devise after the death of the original devisee without issue, *viz.*: First. If land be devised to A. in fee and a subsequent clause in the will limits such land over to designated persons in case A. dies without issue, *and* A. *so dies,* and the substituted devisees are *in esse* at his death, and there is no other event expressed in the will to which the limitation over can fairly be referred, then A. takes a vested fee which becomes divested at his death, and vests in those to whom the estate is limited over.

Second. Where there is an event indicated in the will other than the death of the devisee, to which the limit over is referable (for instance, the distribution of the testator's estate, or the postponement of the enjoyment of the property devised until the devisee reaches the age of 21 or until the exhaustion of a prior life estate), such limitation over will be construed to refer to the happening of such event or to the death of the devisee, according as the court may determine, from the context of the will and the other provisions thereof, that the limitation clause is set in opposition to the event specified or is connected with the devise itself. Since the decision of *Pennington v. Van Houten* the rules established by that decision

have been frequently applied by our courts in construing limitations over by way of executory devise."

It becomes necessary, therefore, to determine whether the provisions of paragraph Ninth of the will are clearly in apposition to the attainment by the daughters of the age set forth in paragraph Tenth, or whether the limitation is connected with the earlier devises to the daughters.

■ An analysis of the will itself becomes necessary in an attempt to ascertain the testator's intent, to which intent, of course, effect must be given.

In that connection, in *Davis v. Scharf*, 99 *N. J. Eq.* 88 (*Ch.* 1926), the court said:

"The accepted rule of construction of wills in this state is, where a limitation over upon failure of issue at the death of the devisee is incident to a devise of a remainder upon the termination of a life estate, to refer the limitation clause to the event of the death of the devisee before the death of the life tenant, unless there are indications in the will of a contrary intent. The inclination of our decisions is to combine absolute ownership with the right of possession and enjoyment and to lay hold of other events than the death of the devisee at any time to affect that end, unless it be inconsistent with the expressed intention of the testator. *Patterson v. Madden, supra;  McDowell v. Stiger,* 58 *N. J. Eq.* [125] 127; *Michael v. Minchin,* 90 *N. J. L.* 603;  *Ambruster v. "Own Your Own Home" Ass'n,* (*N. J. Ch.*) [97 *N. J. Eq.* 69]."

By paragraph Fourth testator bequeathed to his daughters all of his personal estate of which he died seized "subject however to the restrictions hereinafter provided." By paragraphs Fifth, Sixth, Seventh and Eighth he devised specific parcels of real estate to his said two daughters, with a similar provision "subject to the restrictions hereinafter provided." The restrictions so imposed are those contained in paragraphs Ninth and Tenth.

Paragraph Tenth provides that "none of the property, real or personal  *  *  *  shall be assigned, transferred, sold or mortgaged, by any means whatsoever, to the husband or husbands of either or both of my said two daughters." The testator then proceeds further to provide "that either of my said two daughters shall not assign, transfer or mortgage any of the real estate of which I may die seized

*until* she has arrived at the age of twenty-five years." (Italics supplied). Then follows a provision, the effect of which is that should either of the daughters, prior to arriving at the age of 25 years, because of sickness, accident, or any other inability to earn sufficient means to provide good support, maintenance and education for themselves, then and in that event, so much of the personalty as may be necessary to accomplish this result shall be sold, and thereafter so much of the real estate shall be "sold and conveyed" and the proceeds used for that purpose.

Paragraphs Ninth and Tenth must be read together. When so read they exhibit an intent to append the contingency of death without issue to the condition that testator's daughters so die before attaining the age of 25 years. The Tenth paragraph expresses a prohibition against assignment, transfer or mortgage only so long as they are below the age of 25 years, subject to the right to sell so much of the realty after the exhaustion of the personalty, before that time, as may be required for their support, maintenance and education. Were this limitation not so restricted, and did we accept defendant's construction, we would reach an anomalous result. Then, if either daughter were in need of funds for her support, maintenance or education after the attainment of 25 years of age, no portion of the realty could be used, since the daughters would take merely a life estate, without power to invade *corpus* before attaining the age of 25 years. Surely the testator's interest in the welfare of his daughters, as demonstrated by the entire will, cannot be deemed to have lasted only until they became 25 years of age. Coupling the foregoing with the use of the word "until" in paragraph Tenth shows an intent to restrict the conditional divesting of the devise to the death of either daughter without leaving issue, prior to attaining the age of 25 years.

It is therefore here held that Frances C. Mayhew and Mary C. Wagenhoffer were devised an estate in fee, subject to divesting upon their decease without issue before attaining the age of 25 years.

Judgment will be entered accordingly.